No. 783

CLEVELAND AKRON BAG CO. v. RODATT etc.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6106.    Decided Nov. 16, 1926.

**First Publication of this Opinion.**

1283.    **WORKMEN'S COMPENSATION—** Where injured party has option to sue employer or file application with Industrial Commission for compensation and, while in hospital, agents of employer, without fully informing him of his legal rights, have him sign application for compensation, such application no bar to civil action.

Error to Common Pleas.
Judgment affirmed.

G. A. Boone, Cleveland, for Company.

Payer, Winch, Minshall & Karsch, Cleveland, for Rodatt.

VICKERY, J.

Edward Rodatt, a minor, by his father and next friend, brought an action to recover damages for injuries sustained while an employe of the Cleveland Akron Bag Co. The machinery, upon which Rodatt was working, was put in motion by another employe, causing the injuries complained of.

Within a few days, the officers of the Company, or someone in their employ, came to the hospital in which Rodatt was confined and, without fully informing him what his legal rights were, induced him to sign an application for compensation, the company being a self insurer. It is conceded that Rodatt had a right to elect, whether he would sue the company or file application for compensation with the Industrial Commission.

The theory of the defense was that Rodatt had elected to take compensation, while Rodatt contends that there was no election, and that the paper he signed, purporting to be an application for compensation, was signed under such circumstances as to negative the idea of an election. Both sides, in the trial of the case in the Cuyahoga Common Pleas, having made a motion for judgment, the court found in favor of Rodatt and fixed his compensation at four or five thousand dollars.

The record is absolutely silent as to Rodatt having any knowledge, as to what his rights might be, until ofter this so called election had been made.

We think the court had ample evidence before it to warrant it in coming to the conclusion that there had been no election, because Rodatt was not informed what his rights were, and, that being so, we cannot say that this finding was so manifestly against the weight of the evidence that a reviewing court would be warranted in disturbing the finding.

(Levine, PJ. and Sullivan, J., concur.)